Honorable James L. Robart

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9
10
11
12
13
14
15

SEATTLE METROPOLITANS HOCKEY
LLC, a Washington limited liability company,

Plaintiff,

v.

SEATTLE HOCKEY PARTNERS LLC, a
Delaware limited liability company,

Defendant.

Civil Action No. 23-cv-1989JLR

FIRST AMENDED COMPLAINT FOR
TRADEMARK INFRINGEMENT AND
FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION, CONSUMER
PROTECTION ACT VIOLATION, AND
UNJUST ENRICHMENT

JURY TRIAL REQUESTED

16
17

Plaintiff Seattle Metropolitans Hockey LLC ("Seattle Metropolitans") hereby alleges the

following causes of action against Defendant.

18
19
20
21
22
23
24
25
26

## I.   NATURE OF THE ACTION

1.      This is an action for injunctive relief and monetary damages arising

out of Defendant's unauthorized use of Seattle Metropolitans' famous "S" logo

and SEATTLE METROPOLITANS word trademarks and trade dress in

association with apparel, hockey paraphernalia, organizing, arranging and

conducting ice hockey games, fundraising services for youth hockey programs and

skating rinks, museum and display services pertaining to an historical Seattle professional ice

hockey team, and other hockey-related services, resulting in infringement of Seattle Metropolitans'

rights, as well as federal and state unfair competition based on the manner in which Defendant has misled the public regarding the source for products and related services, and unjust enrichment.

## II.      PARTIES

2.      Plaintiff Seattle Metropolitans is a Washington limited liability company having its principal place of business in Bellevue, Washington.

3.      Defendant Seattle Hockey Partners LLC is a Delaware limited liability company with a principal place of business at 10601 Fifth Avenue, Suite 100, Seattle, Washington 98125, and a registered agent as follows: CT Corporation System, 711 Capitol Way S., Suite 204, Olympia, Washington 98501. On information and belief, Defendant is owned, controlled and/or managed by various other entities and individuals including Slapshot LLC, FW-Puck LLC, David Bonderman, Jerry Bruckheimer and Tod Leiweke.

## III.      JURISDICTION AND VENUE

4.      This action arises, in part, under the trademark laws of the United States of America, 15 U.S.C. § 1051 et seq. Jurisdiction over the trademark infringement, false designation of origin and federal unfair competition claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338. Supplemental jurisdiction is conferred upon this Court over the related state claims as they are derived from a common nucleus of operative fact that form part of the same case or controversy. 28 U.S.C. § 1367(a). The amount in controversy exceeds $75,000 exclusive of interest and costs.

5.      Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391. This Court has personal jurisdiction over Defendant and over the subject matter of this dispute and venue is proper in this Court because the matters giving rise to this complaint occurred in King County, all parties transact business in King County, and all parties have an office for the transaction of business in King County. Accordingly, Defendant maintains minimum

contacts with Washington and this District that are more than sufficient to subject Defendant to service of process in compliance with due process of law.

## IV.   FACTUAL ALLEGATIONS

**A.**   **Seattle Metropolitans' Business and Trademark Rights**

6.     Seattle Metropolitans was formed in 2021 to continue and expand the life-long passion of its founder and sole member Paul Kim. Paul grew up in Seoul, South Korea. He had asthma, and his mother wanted him to find something to play away from dirt and pollen, and his cousin played hockey. When he saw his first game, he fell in love. He played hockey in Seoul from ages 8 to 10, then the family moved to the Seattle area, where he continued to play, eventually with the Sno-King Amateur Hockey Association and at Western Washington University. While he was trying to learn English, his teacher gave him a book about Seattle hockey history, where he learned how Seattle Metropolitans of the Pacific Coast Hockey Association won the Stanley Cup in 1917 when it defeated the Montreal Canadians of the National Hockey Association 3-1 in a best-of-five series in Seattle to become the first American team to win the Cup.

7.     Towards the end of college, Paul decided that he wanted to do something involving his passion—hockey. He realized the 100th anniversary of the founding of Seattle Metropolitans was coming up in 2015 and found nothing arranged for its commemoration. In 2014, long before the NHL approved Seattle's expansion team in late 2018 or the Seattle Kraken began to play in



the 2021-22 season, Paul acquired the trademark rights to the distinctive "S" logo, the SEATTLE METROPOLITANS mark and green, red and white colors and horizontal patterns, and embarked on a quest to revive the memory of Seattle's championship hockey team.

8.     Paul immediately began the process of perfecting his rights, filing for and eventually obtaining federal trademark registration of the "S" logo and word marks used for apparel, hockey paraphernalia, and hockey-related services, as follows:

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| Mark | Reg No. | Date | Goods/Services |
|---|---|---|---|
|  | 4928419 | 29 Mar 2016 | **Cl. 25**: Baseball caps and hats; Beanies; Pants; Shirts; Sleepwear; Socks; Sports jerseys; Sweat pants; Sweat shirts; Sweaters |
| **SEATTLE METROPOLITANS** | 5103397 | 20 Dec 2016 | **Cl. 25**: Baseball caps and hats; Beanies; Pants; Shirts; Sleepwear; Socks; Sports jerseys; Sweat pants; Sweat shirts; Sweaters |
| **SEATTLE METROPOLITANS** | 6777676 | 5 Jul 2022 | **Cl. 36**: Fundraising services by means of organizing, arranging and conducting fundraising events to benefit failing local small businesses, and fundraising services by means of raising funds for youth hockey programs and skating rinks.<br>**Cl. 41**: Museum services, namely, display of memorabilia and artifacts pertaining to an historical Seattle professional ice hockey team, and providing a website featuring information regarding the history of this ice hockey team; conducting guided walking tours of a city and its landmarks; and organizing, arranging, and conducting of ice hockey games. |

The U.S. registrations for the "S" logo and word mark for apparel are incontestable, confirming their validity and strength. Seattle Metropolitans is also the owner of the following pending trademark application for the "S" logo:

| Mark | Ser. No. | Date | Goods/Services |
|---|---|---|---|
|  | 98331136 | 26 Dec 2023 | **Cl. 41**: Museum services, namely, display of memorabilia and artifacts pertaining to an historical Seattle professional ice hockey team, and providing a website featuring information regarding the history of this ice hockey team; conducting guided walking tours of a city and its landmarks; and organizing, arranging, and conducting of ice hockey games |

9.     Paul also promptly began acquiring significant common law rights based on substantial promotion, marketing and sales of apparel and hockey paraphernalia, and organizing, arranging and conducting ice hockey games and providing fundraising services for youth hockey programs and skating rinks and museum and display services pertaining to an historical Seattle professional ice hockey team—Seattle Metropolitans—and other hockey-related services throughout the Puget Sound, across the United States and to many parts of the world. As reported

LOWE GRAHAM JONES
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

in the Puget Sound Business Journal in its June 16, 2017 article, by then Paul was marketing and selling "S" logo and word mark hats, T-shirts, jerseys and hockey paraphernalia online to the world as well as through seven sporting goods stores, arena pro shops and at tables set up at youth hockey tournaments across the Washington State, which sales were successful, according to Play it Again Sports in Lynnwood, Washington. (https://www.bizjournals.com/seattle/news/2017/06/16/make-seattle-skate-again.html).



10.     For more than eight years, since 2015, Seattle Metropolitans (or its predecessor) have sold or licensed more than ten thousand branded products resulting in more than a hundred thousand dollars in sales across the state, country and world. Branded products include jerseys, T-shirts, sweatshirts, hats, beanies, pants, shoes, socks, masks, banners, and stickers, as well as a variety of types of hockey paraphernalia. Below are just a few examples:

 

FIRST AMENDED COMPLAINT - 5
Civil Action No. 23-cv-1989JLR
METS-6-0001 P07 AMDCMP

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

11.    Branded products have continuously been marketed and sold at both retail and wholesale at a variety of online outlets, for example www.seattle-metropolitans.com via resell on Amazon and eBay, as well as at many brick and mortar retailers via their corresponding online portals, including: Play it Again Sports, Hockey Source, Hockey Wolf, Elevate Sporting, Simply Seattle, Pro Image, and most Bartell Drugs, along with the majority of ice hockey specific stores in Washington.

12.    Seattle Metropolitans has marketed throughout the world and has sold branded products into at least 34 U.S. states as well as in other countries.

13.    Seattle Metropolitans have multiple licensees, including Strideline, Ruffneck Scarves, Alexander Global, Simply Seattle, Ebbets Field, Bench Clearers, Hockey Wolf, and Seattle Junior Metropolitans Youth Hockey.

14.    Seattle Metropolitans have organized, arranged and conducted ice hockey games through in Pacific Northwest and sponsored or assisted many regional hockey programs while promoting its "S" logo and SEATTLE METROPOLITANS brands. Between 2015 and 2022, Seattle Metropolitans promoted many ticketed hockey events that were attended by thousands (and viewed by likely tens of thousands) and generated hundreds of thousands of dollars for local and regional hockey programs. These events were often conducted in association with the Hockey





LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

 Hall of Fame, which recognized Seattle Metropolitans' unique position as owner of the famous brand and hockey legacy. These events received substantial local and national press and media coverage, including from such outlets as the New York Times, Sports Illustrated, ESPN, King5, Komo4, Fox13, Seattle Times, Golfers Digest, and more, exposing millions of people to Seattle Metropolitans brands. Seattle Metropolitans has licensed the Seattle Junior Metropolitans (fka the Seattle Junior Admirals), the original youth hockey association for kids living in Settle-Mukilteo for the past 50 years, to the benefit of roughly 700 families in that area.

15.     Based on Seattle Metropolitans' exclusive, consistent and substantial use of the "S" logo and SEATTLE METROPOLITANS mark in interstate and international commerce, it has earned common law rights and become a strong and famous mark associated with Seattle Metropolitans and all facets of hockey in the greater Puget Sound area. Indeed, as early as 2017, the Puget Sound Business Journal branded Paul as "hockey's unlikely ambassador to the Pacific Northwest" and the "*de facto* ambassador of the [Seattle Metropolitans]:"



Paul Kim owns the U.S. trademark ls rights to the famed Seattle Metropolitans name and distinctive green, red and white colors and team log. He's become a de facto ambassador of he team, reviving the brand while trying to make a living selling retro themed team merchandise. Here, Kim is seen wearing a replica jersey made for the Seattle Thunderbirds junior hockey team, who wore them in a game in 2015.

FIRST AMENDED COMPLAINT - 7
Civil Action No. 23-cv-1989JLR
METS-6-0001 P07 AMDCMP

16.     In its December 24, 2018 feature article, NHL.com noted Paul's ownership of Seattle Metropolitans logo and name and commended his efforts as "an enterprising fan [who] dusted off the [Seattle Metropolitans] history and brought it to life again." (https://www.nhl.com/news/seattle-nhl-expansion-team-can-build-on-legacy-of-metropolitans-303234234).

17.     The Seattle Metropolitan's continuous use of its marks predates Defendant's alleged first use dates. Thus, Seattle Metropolitans has priority over any use of the mark that may be claimed by Defendant.

**B.     Defendant's Knowledge of Seattle Metropolitans, Bad-Faith Negotiations and Wrongful Actions**

18.     Defendant has long known about Paul, his ownership and use of the "S" logo and SEATTLE METROPOLITANS mark, and the association it has to the legacy of Seattle Metropolitans hockey team that Seattle Metropolitans has created over nearly the past decade.

19.     As news of the NHL's potential return to Seattle made headlines in early 2018, Paul reached out to executives of the Oak View Group (predecessors of Defendant), who indicated that it liked what Paul had done with the brand. Defendant invited Paul to an open house to highlight its proposed hockey arena project and enticed him with the possibility that he may be invited to co-host an event in which the Stanley Cup would visit Seattle.

20.     Over the next five years, Defendant actively sought to ingratiate itself with Seattle Metropolitans to reference the valuable "S" logo and SEATTLE METROPOLITANS brand and thereby create a connection between Defendant's anticipated Seattle hockey venture and the goodwill and brand recognition Seattle Metropolitans had developed



LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

since 2014. As early as March 2018, Defendant used Seattle Metropolitans' registered "S" logo in its online post:



21.     Defendant's CEO Tod Leiweke met with Paul in advance of the time that news of the Seattle NHL expansion broke in 2018, and wore the Seattle Metropolitan's branded jersey for a photo opportunity. As reported in the December 24, 2018 NHL.com feature article, Mr. Leiweke complimented Paul's efforts to develop Seattle Metropolitans' brands, telling him that he was "smart," and that Defendant's CEO would "talk to [Paul] later" about the valuable brand.

22.     In February 2019, Defendant touted the NHL.com article featuring Paul in its online post, acknowledging his "mission to revive the legacy of Seattle Metropolitans:"



23.     In February 2020, in an effort to create further association between what became the fledging Seattle Kraken hockey team and the legacy Seattle Metropolitans had revived, Defendant requested rights to use Seattle Metropolitans colors in a promotional video. In reliance on the many representations by Defendant, Seattle Metropolitans' agreed, continuing to believe that Defendant was operating in good faith towards developing a joint relationship with Seattle Metropolitans to parley its brand success and established goodwill to promote Defendant's hockey efforts in the region.

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301




24.     It was not until July 2020 that Defendant first officially contacted Seattle Metropolitans about the long-insinuated but never materialized agreement to use its valuable brands. In a July 8, 2020 email, Lance Lopes, NHL Seattle Executive Vice President-General Counsel contacted Paul about a "formal arrangement for [Defendant's] team to use Seattle Metropolitans trademarks." When the conversation occured that Friday, however, Paul was shocked that Defendant offered only a single season ticket in exchange for exclusive jersey rights to the valuable Seattle Metropolitans trademarks, which offer was of course declined.



25.     A month later in August 2020, Defendant offered to take a license for 5% of net sales, and with no minimum, no online sales, no resale and no sell off period for existing licensees. Given that typical industry licenses were in the range of 12% to 15% of all gross sales and included minimum requirements and sell off period for existing licenses, this offer was likewise rejected.

26.     Five months later in January 2021, Defendant repeated the same offer except adding a low minimum guarantee, which offer was likewise rejected.

FIRST AMENDED COMPLAINT - 10
Civil Action No. 23-cv-1989JLR
METS-6-0001 P07 AMDCMP

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

27.     Instead of presenting a commercially reasonable and industry respectable licensing offer, Defendant took a different approach—continue to take advantage of and use Seattle Metropolitans' valuable trademark rights and established goodwill without authorization.

28.     Later that year, in October 2021, continuing to take advantage of the ostensible relationship it was fostering with Seattle Metropolitans and in an effort to usurp the goodwill and brand association of Seattle Metropolitans, Defendant used the registered "S" logo, the SEATTLE METROPOLITANS word mark and the same distinctive red color in a banner raised in Climate Pledge Area that remains to this day—all without permission or license from Seattle Metropolitans.



29.     Seattle Metropolitans heard nothing further from Defendant until January 20, 2023, when Mr. Lopes reached out again to Seattle Metropolitans. Defendant desired to develop and market a "throwback" campaign for the 2024 Winter Classic that had been awarded by the NHL and would be held in Seattle January 1, 2024. The Winter Classic is considered one of the greatest

FIRST AMENDED COMPLAINT - 11
Civil Action No. 23-cv-1989JLR
METS-6-0001 P07 AMDCMP

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

spectacles in all of sport. According to NHL.com, it is a "New Year's tradition where one city is awarded an event that honors hockey's outdoor origins in an awe-inspiring setting reimagined and transformed for the NHL." It directly draws upon the history and tradition of hockey in the area in which it is held. Given Seattle's lack of history being an extremely new franchise, it was imperative that Defendant draw on the historical association of Seattle Metropolitans, meaning that it was forced to deal again with Seattle Metropolitans—exclusive owners of the branding rights.

30.     This time Defendant indicated that it would not license, but only wanted to "purchas[e] and thus extinguish[]" all rights in Seattle Metropolitans' trademarks. Defendant failed to make a serious offer, however, instead only offering a one-time payment amounting to less than even a single year's revenues from sales of the branded Seattle Metropolitans products and existing licenses. It is well known that the NHL's merchandising arm is a big global business, bringing in hundreds of millions of dollars every year in licenses and team gear sales. As reported by former NHL merchandising executive Fred Scalera in the June 16, 2017 Puget Sound Business Journal article, team merchandizing generates a lot of money and the brand becomes extremely valuable. Importantly, the NHL Winter Classic is one of the largest marketing events of the year. According to one published report, a decade ago the 2014 Winter Classic generated $10s of millions in revenues, and merchandising sales set records highs. (https://www.sbnation.com/nhl/2014/1/13/5305134/winter-classic-2014-hockey-related-revenue-profit). With this in mind, Seattle Metropolitans was willing to negotiate in good faith, but Defendant would not make any meaningful or commercially reasonable offer to acquire the rights.

31.     Once negotiations broke down by February 2023, Defendant indicated that it would proceed on "a completely different design"—an "alternative" to Seattle Metropolitans "S" design. Seattle Metropolitans put Defendant on written notice it expected any alternative design to be a "completely different design concept" that did not implicate Seattle Metropolitans trademarks or seek to trade on the goodwill and reputation of Seattle Metropolitans in association with all facts

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

of hockey. Defendant acknowledged this notice in writing, claiming that it would be "going a different direction."

32.     Nevertheless, Defendant did exactly the opposite of their representation. Instead of "going a different direction" and avoiding Seattle Metropolitans well-known and valuable trademark rights, on November 22, 2023, Defendant unveiled its Winter Classic jerseys and related merchandise, which incorporates the virtually identical "S," red color, white border and white block letter design of the federally registered and famous Seattle Metropolitans "S" logo:

 

33.     In a clear attempt to create an association with Seattle Metropolitans' established legacy, brand and goodwill related to Pacific Northwest hockey—owned exclusively by Seattle Metropolitans—Defendant further imitated the horizontal color band jersey configuration long associated with Seattle Metropolitans, and even made specific reference to Seattle Metropolitans' 1917 Stanley Cup championship by featuring "1917" prominently on the jersey collar:



FIRST AMENDED COMPLAINT - 13
Civil Action No. 23-cv-1989JLR
METS-6-0001 P07 AMDCMP

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

34.     Defendant's actions were calculated and willfully intended to create a false association between Defendant and Seattle Metropolitans, not only its famous brand as seen on all types of apparel and hockey paraphernalia, but also related to organizing, arranging and conducting ice hockey games and other hockey-related services. Indeed, Defendant's agents have admitted spending months striving to create an association with Seattle Metropolitans. Matty Merrill, Adidas designer commissioned by Defendant to produce the infringing Winter Classic design, admitted the lengths went to in copying Seattle Metropolitans because "[t]he Kraken obviously want to be associated with the Metropolitans." In a recent KOMO-TV news article, Mr. Merrill detailed how he "spent hours upon hours designing the Winter Classic" apparel in an effort to "make the current fit look like the games of old." As admitted by Steve Mayer, NHL's chief content officer and vice president, creating the association with Seattle Metropolitans was "always part of the plan." (see https://www.msn.com/en-us/sports/nhl/hockey-history-reborn-seattle-s-t-mobile-park-to-host-first-ever-nhl-winter-classic/ar-AA1m1vlA) There is no question that Defendant succeeded in its willful infringement of Seattle Metropolitans rights.

35.     Defendant has wrongfully used Seattle Metropolitans' trademarks on a wide variety of apparel and hockey paraphernalia which directly compete for the same customers in the same channels of trade as Seattle Metropolitans, including jerseys, T-shirts, sweatshirts, headwear, and gear such as pucks, banners and stickers. Some examples are shown herein.







FIRST AMENDED COMPLAINT - 14
Civil Action No. 23-cv-1989JLR
METS-6-0001 P07 AMDCMP

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301




36.     Defendant has flooded the market directly and through licensees, promoting and selling the confusingly similar products via numerous online and traditional retail and wholesale outlets, including without limitation: Seattle Hockey Team Store, Shop NHL, DICK's Sporting Goods, eBay, Fanatics, FansEdge, GoalGroove Jerseys, Lids.com, Mercari, ModeSens, Pixel Vibe Store, Precision Flex Store, Pro-Image Sports, SportsK.com, and Velvet Glow Store.

37.     Defendant's pervasive use of Seattle Metropolitans trademarks in association with organizing, arranging and conducting ice hockey games—including with promotions for the Winter Classic scheduled for January 1, 2023 at T-Mobile Park throughout the Pacific Northwest and world—likewise create a false association between Defendant and Seattle Metropolitans.

38.     The impact of Defendant's trademark infringement is particularly acute in the context of Internet advertising and sales. Defendant's unauthorized use of Seattle Metropolitans trademarks allows it to trade on the product specific information, hockey event association, and

FIRST AMENDED COMPLAINT - 15

Civil Action No. 23-cv-1989JLR

METS-6-0001 P07 AMDCMP

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

branding developed by the Seattle Metropolitans to misdirect Internet search engines and, ultimately, consumers from online stores and ticket outlets where authorized products are sold and hockey-related services are provided. See, for example, how six out of eight jerseys shown as a result of a search for "Seattle Metropolitans jerseys" on Google are the confusingly similar imitations from Defendant:



39.     Through its actions, Defendant has gained an improper and unfair competitive advantage over Seattle Metropolitans in the sale of competing apparel and hockey gear. It has created actual confusion in the public as to the source of authorized Seattle Metropolitans branded products. In addition to or in the alternative, Defendant has engaged in actionable reverse confusion. As the junior user with much greater economic power which has saturated the market with advertising and sales of a confusingly similar brand, Defendant has overwhelmed the marketplace power and value of Seattle Metropolitans trademarks. Defendant's actions have directly negatively impacted sales of authorized Seattle Metropolitans products, especially in this most important holiday buying season, as consumers believe that Defendant's confusingly branded

LOWE GRAHAM JONES
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

products are associated with Seattle Metropolitans—an association Defendant has worked towards and intentionally sought as described above.

40.     Defendant's infringement is intentional and willful. Adoption and use of the Seattle Metropolitans marks was clearly done to mimic the sight and sound of the well-known "S" logo. Defendant's actions were long-planned, dating as far back as 2018 when Defendant's CEO met with Seattle Metropolitans, wore its "S" logo jersey and said he would "talk to [Paul] later." Defendant sought to take advantage of a relatively unsophisticated individuals, surreptitiously using the marks without authorization, casually requesting the "S" logo color, all with the implication of a fair, long-term association, but in fact solely to benefit without any meaningful expense.

41.     Defendant has known for years that it needed Seattle Metropolitans' trademark rights, either by license or acquisition, but has never been willing to a fair and commercially reasonable amount to acquire them, instead offering single season ticket, or a low-ball percentage, or a paltry amount for acquisition. When push came to shove and Defendant absolutely needed rights for its huge Winter Classic campaign and Seattle Metropolitans would not accept token compensation, despite warning to avoid infringement, Defendant could not and did not "go in a different direction." Instead, Defendant "spent hours upon hours designing the Winter Classic" apparel in an effort to get as close as possible to Seattle Metropolitans, ultimately adopting a virtually identical "S", red color, white border and white block letter design—including with specific reference to the 1917 Seattle Metropolitans Stanley Cup win—with the specific intention to create the association with Seattle Metropolitans that it so desperately sought to bolster its marketing efforts for the "throwback" Winter Classic.

42.     By letter dated December 15, 2023, Seattle Metropolitans notified Defendant of the trademark infringement and unfair competition and demanded, among other things, that Defendant

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

cease and desist from its wrongful actions. Defendant refused to take action to promptly remedy the situation.

43.     Defendant's use of Seattle Metropolitans trademarks have damaged Seattle Metropolitans in an amount to be proven at trial, but no less than a reasonable royalty commensurate with industry royalties offered by Seattle Metropolitans, Defendant and others, with commercially reasonable terms, and shall further include an amount of money necessary for corrective advertising so that Seattle Metropolitans may reclaim its reputation and goodwill as the only entity associated with Seattle Metropolitans hockey. Damages include not only use of Seattle Metropolitans trademarks on apparel and hockey paraphernalia, but also on generating ticket sales and advertising revenues associated with the Winter Classic so heavily promoted using Seattle Metropolitans brand, goodwill and reputation.

44.     Defendant has and will continue to unjustly benefit—at Seattle Metropolitans' expense—from gains, profits and advances derived from the promotion and sale of products in association with the confusingly similar marks, and Seattle Metropolitans is entitled to disgorgement of all such profits.

45.     These acts of Defendant have caused and, unless restrained by this Court, will continue to cause serious and irreparable harm to Seattle Metropolitans and to the goodwill and reputation associated with Seattle Metropolitans trademarks. Seattle Metropolitans is entitled to control all use of its marks and confusingly similar marks in association with the provision of apparel and hockey paraphernalia; to exclusively advertise and provide products in association with Seattle Metropolitans trademarks; to control the quality of products sold in association with Seattle Metropolitans trademarks; and to have Seattle Metropolitans trademarks or confusingly similar marks identify Seattle Metropolitans as the sole source and origin of apparel and hockey paraphernalia. Therefore, Seattle Metropolitans' remedy at law is not adequate to compensate for

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

the injury caused and threatened by Defendant's infringement of its trademark rights and unfair business practices.

## V.        CAUSES OF ACTION

**Count I:        Federal Trademark Infringement**

1.        Seattle Metropolitans realleges the preceding paragraphs of this complaint.

2.        Defendant has, without consent of the Seattle Metropolitans, used in commerce a reproduction, counterfeit, copy and/or colorable imitation of Seattle Metropolitans' registered trademarks in connection with the advertising, offer for sale and sales of apparel and hockey paraphernalia, and related hockey services, in a manner that is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114.

**Count II:        False Designation of Origin and Unfair Competition**

3.        Seattle Metropolitans realleges the preceding paragraphs.

4.        Defendant has engaged in false designation of origin and unfair competition by use of Seattle Metropolitans trademarks and trade dress, including the infringing "S" mark incorporating a red color, white border and white block letters, which is confusingly similar to Seattle Metropolitans' trademark and trade dress, knowingly and willfully creating an affiliation or connection between Defendant and Seattle Metropolitans in order to confuse and mislead the public as to the source of the identical products in violation of 15 U.S.C. § 1125.

**Count III:        Consumer Protection Act Violation**

5.        Seattle Metropolitans realleges the preceding paragraphs.

6.        Defendant has intentionally confused and misled the public in Washington State and throughout the country. Defendant's actions constitute unfair methods of competition and unfair deceptive acts and practices in the conduct of its trade or business, which were willfully undertaken. Defendant's actions have affected and continue to affect the public interest in Washington State as well as in other parts of the country. Defendant has demonstrated its

propensity for repetition of the wrongful actions. As a direct and causal result of Defendant's unfair business practices and unfair and deceptive acts, Seattle Metropolitans has been damaged.

7.      Defendant's actions are in violation of the Washington State Consumer Protection Act, R.C.W. § 19.86.020.

8.      Defendant's adoption of marks confusingly similar to Seattle Metropolitans trademarks and trade dress has caused damage to Seattle Metropolitans at least equivalent to the amount of money necessary to engage in corrective advertising and the amount associated with past and foreseeable future revenues associated with Seattle Metropolitans given its history and commercial success, which amount equals approximately $2.5 million as a good and reasonable approximation of the lost goodwill, or otherwise to be proven at trial.

**Count IV:      Common Law Trademark Infringement**

9.      Seattle Metropolitans realleges the preceding paragraphs of this complaint.

10.      Seattle Metropolitans trademark and trade dress are entitled to protection because they are inherently distinctive of Seattle Metropolitans goods and services, including apparel, hockey paraphernalia, and hockey-related services, and because they were used by Seattle Metropolitans long before Defendant adopted confusingly similar marks and intentionally sought to create an association with and trade on the goodwill and reputation of Seattle Metropolitans.

11.      Defendant has, without consent of Seattle Metropolitans and with full knowledge of Seattle Metropolitans rights, used in commerce a reproduction, counterfeit, copy and/or colorable imitation of Seattle Metropolitans trademarks and trade dress in connection with the advertising, offer for sale and sales of apparel and hockey paraphernalia and related hockey services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers.

12.      Defendant's adoption of marks confusingly similar to Seattle Metropolitans trademarks and trade dress has caused damage to Seattle Metropolitans at least equivalent to the amount of money necessary to engage in corrective advertising and the amount associated with

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

past and foreseeable future revenues associated with Seattle Metropolitans given its history and commercial success, which amount equals approximately $2.5 million as a good and reasonable approximation of the lost goodwill, or otherwise to be proven at trial.

**Count V:      Unjust Enrichment**

13.    Seattle Metropolitans realleges the preceding paragraphs.

14.    Defendant has obtained a benefit from the use of marks confusingly similar to Seattle Metropolitans trademarks, and Defendant's use of marks has caused harm to Seattle Metropolitans. Defendant knew about Seattle Metropolitans trademarks, but nevertheless intentionally and willfully imitated them with the goal to trade on the brand awareness, goodwill and reputation therein.

15.    Under the circumstances of this case, given the harm caused by Defendant, the knowledge it had of Seattle Metropolitans trademarks, and the benefits obtained by Defendant through the use of marks confusingly similar to Seattle Metropolitans trademarks, it would be unjust to allow Defendant to retain any benefits proximately caused by its use of marks confusingly similar to Seattle Metropolitans trademarks.

## VI.      PRAYER FOR RELIEF

The Seattle Metropolitans requests the following alternative and cumulative relief:

1.    Preliminary and permanent injunctions against Defendant and all owners, members, officers, agents, affiliates, employees, representatives, and all persons in active concert or participation with them in any way, from use (including registration) of the Seattle Metropolitans marks, including without limitation the any "S" design incorporating a red color, white border and white block letters, or any other marks confusingly similar thereto, as a service mark, trademark, trade name, domain name or part thereof alone or in combination with other words, symbols, styles, titles or marks in connection with apparel, hockey paraphernalia, organizing, arranging and conducting ice hockey games, fundraising services for youth hockey programs and skating rinks, museum and display services pertaining

FIRST AMENDED COMPLAINT - 21
Civil Action No. 23-cv-1989JLR
METS-6-0001 P07 AMDCMP

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

to an historical Seattle professional ice hockey team, and other hockey-related services, pursuant to 15 U.S.C. § 1116 and other applicable law.

2.   An order that Defendant delivers up for destruction all products, printed material, stationery, business forms, signs, advertisements, brochures, promotional material, manuals, pamphlets, labels, packages, containers, and all other materials bearing Seattle Metropolitans trademarks, including without limitation the "S" design incorporating a red color, white border and white block letters, or any other marks confusingly similar thereto, together with all means for making or reproducing the same, pursuant to 15 U.S.C. § 1118 and other applicable law.

3.   An order requiring Defendant to file with this Court and serve on Seattle Metropolitans within thirty days of service of this order a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the terms of the ordered relief.

4.   An award of damages sufficient to compensate the Seattle Metropolitans for all injury sustained as a result of Defendant's wrongful trademark infringement, including wrongful profits of Defendant, pursuant to 15 U.S.C. § 1117 and other applicable law.

5.   Exemplary damages and all of Seattle Metropolitans' litigation expenses, including reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1117, RCW 19.86.090, and other applicable law.

6.   An assessment of prejudgment interest and costs.

7.   Such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED February 12, 2024

s/ David A. Lowe, WSBA No. 24453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES^PLLC
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300

Attorneys for Seattle Metropolitans Hockey LLC

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301