Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SEATTLE METROPOLITANS HOCKEY LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE HOCKEY PARTNERS LLC, a Delaware limited liability company,<br><br>Defendant. | Civil Action No. 23-cv-1989JLR<br><br>PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS<br><br>NOTE ON MOTION CALENDAR:<br>April 12, 2024 |

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff Seattle Metropolitans Hockey LLC ("Seattle Metropolitans") moves to dismiss the Counts 3 and 4 of Kraken's counterclaims for failure to state a claim upon which relief may be granted.[1]

## I.      INTRODUCTION

In responding to Seattle Metropolitans' efforts to enforce its trademark and trade dress rights, Kraken asserted counterclaims seeking to cancel Class 41 services from Seattle Metropolitans Trademark Registration No. 6777676 (Counts 1 and 2). In addition, Kraken asserted counterclaims asking this Court to refuse registration of Application No. 98331136

---

[1] Some Courts frame dismissal as outlined herein as falling under Rule 12(b)(1) for lack of subject-matter jurisdiction. Regardless, whether it is termed "lack of jurisdiction over the subject matter" or "failure to state a claim upon which relief can be granted," the result of such motion, if granted, is same. *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 511 F.2d 678, 680 (4th Cir. 1975).

PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIMS - 1
Civil Action No. 23-cv-1989JLR
METS-6-0001 P10 MDMISS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

("136 Application"), currently pending at the United States Patent and Trademark Office (Counts 3 and 4), on the bases of descriptiveness and lack of use in commerce. (Dkt. 15, pp. 44-46)

Seattle Metropolitans respectfully asks the Court to dismiss Counts 3 and 4 of Kraken's counterclaims because neither can be sustained as a matter of law.

## II.    ARGUMENT

A motion to dismiss a counterclaim under Rule 12(b)(6) is treated the same as a motion to dismiss a complaint. *In re Acacia Media Techs. Corp.*, 2005 U.S. Dist. LEXIS 37009, at *15 (N.D. Cal. July 19, 2005) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There are no set of facts that Kraken has or could allege that would state a plausible claim for relief with respect to Counts 3 and 4 of its counterclaims.

In Count 3 of its counterclaims, Kraken requests, pursuant to 15 U.S.C. § 1064, that the Court refuse registration of the 136 Application as merely descriptive. In Count 4 of its counterclaims, Kraken requests, pursuant to 15 U.S.C. §§ 1063 and 1119, that the Court refuse registration of the 136 Application based on lack of use in commerce for Class 41 services.

The statutes relied on by Kraken only allow a court to cancel a registered mark, not an application for a mark. Because the 136 Application is not a registered mark, there can be no cause of action for "refusal" to register the mark claimed in the 136 Application for Class 41 services (or any other goods or services).

Registration is central to the statutory scheme and the court's ability to cancel or otherwise affect a trademark. Title 15 U.S.C. § 1064 allows the filing of "[a] petition to cancel a registration of a mark . . ." within five years of the date of the registration of the mark or at other specified times. Federal courts are given the power to cancel registered marks by 15 U.S.C. § 1119, which provides:

> In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore

PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIMS - 2
Civil Action No. 23-cv-1989JLR
METS-6-0001 P10 MDMISS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Commissioner, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

Section 1063 is inapplicable as it defines a right to file an opposition in the Patent and Trademark Office to oppose registration of a trademark application, and provides no basis for the Court to conduct such opposition proceeding. *See also D.B.C. Corp. v. Nucita Venezolana, C.A.*, 464 F. Supp. 3d 1323, 1332-33 (S.D. Fla. 2020) (Section 1063 confirms that courts cannot entertain challenges to the trademark applications; "Section 1063 only provides a person who may be damaged by a trademark registration the ability to 'file an opposition in the [PTO]'—making no mention of any role by federal courts in the application process.").

A registered mark must exist before an action "involves a registered mark." A mark does not become registered until the United States Patent and Trademark Office makes it so. *See* 15 U.S.C. § 1127 ("The term 'registered mark' means a mark registered in the United States Patent and Trademark Office under this chapter."). In order to state a claim under these statutory provisions, the claim must involve a trademark with the registered with the Patent; the existence of a pending application is not sufficient. *Farm & Trade, Inc. v. FarmTrade, Ltd. Liab. Co.*, 2014 U.S. Dist. LEXIS 56799, at *20-21 (E.D. Cal. Apr. 23, 2014); *Eko Brands, LLC v. Adrian Rivera Maynez Enters.*, 2020 U.S. Dist. LEXIS 17014, at *43 n.20 (W.D. Wash. Jan. 30, 2020); *La Quinta Worldwide, LLC v. Q.R.T.M., S.A. de C.V.*, 2012 U.S. Dist. LEXIS 190130, at *23-24 (D. Ariz. Mar. 29, 2012) (declining to enjoin party from prosecuting its trademark registrations as beyond the Court's authority); *Empire Home Servs. v. Empire Iron Works, Inc.*, 2007 U.S. Dist. LEXIS 29568, at *12 (E.D. Mich. Apr. 23, 2007) (citing cases); *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1211-12 (M.D. Fla. 2005); *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 241 (S.D.N.Y. 2000); *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F.Supp.2d 823, 831 (E.D. Va. 2001) ("[A claim under Section 1119] must involve an existing 'registered mark,' not one that may come into existence in the future."); *see also* 15 U.S.C. § 1119.

PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIMS - 3
Civil Action No. 23-cv-1989JLR
METS-6-0001 P10 MDMISS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

In the present case, neither Counts 3 nor 4 of the counterclaims allege the existence of a registered mark, and it is undisputed that the 136 Application sought to be refused is merely pending—not registered. (Dkts. 12, 15). A pending application for a mark is insufficient to satisfy the statutory requirement under Section 1119 that the action involve a registered mark. Because Kraken fails to state a claim, Courts 3 and 4 should be dismissed.

### III. CONCLUSION

Counts 3 and 4 of the Kraken's counterclaims are wholly without merit under universally recognized judicial precedent, should not have been asserted, and should be dismissed.

RESPECTFULLY SUBMITTED: March 18, 2024.

s/ David A. Lowe, WSBA No. 24453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300

Attorneys for Seattle Metropolitans Hockey LLC

I certify that this memorandum contains 978 words, in compliance with the Local Civil Rules.

PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIMS - 4

Civil Action No. 23-cv-1989JLR

METS-6-0001 P10 MDMISS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301