The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE METROPOLITANS HOCKEY LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE HOCKEY PARTNERS LLC, a Delaware limited liability company,<br><br>Defendant.<br><hr>SEATTLE HOCKEY PARTNERS LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>SEATTLE METROPOLITANS HOCKEY LLC, a Washington limited liability company,<br><br>Counterclaim-Defendant. | No. 2:23-cv-1989-JLR<br><br>DEFENDANT AND COUNTERCLAIM-PLAINTIFF'S RESPONSE TO PLAINTIFF AND COUNTERCLAIM-DEFENDANT'S MOTION TO DISMISS |

## I.  INTRODUCTION

Plaintiff and Counterclaim-Defendant Seattle Metropolitans Hockey LLC ("SMH") has asserted claims in this case against Defendant and Counterclaim-Plaintiff Seattle Hockey Partners LLC, the owner of the Seattle Kraken hockey franchise, (collectively, "Kraken") for

RESPONSE TO PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS
(2:23-cv-1989-JLR) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

allegedly infringing the trademark rights it has in its "SEATTLE METROPOLITANS" word mark and "S Seattle" logo, including the alleged rights it has in these marks for "museum services" in International Class 41 ("Class 41"). *See* First Am. Compl. ("FAC"), Dkt. 12, ¶¶ 8, 28, Causes of Action ¶¶ 2, 10–12. In response, the Kraken asserted four counterclaims against SMH. In Counts 1 and 2, the Kraken seek an order directing the partial cancelation of SMH's federal registration for the "SEATTLE METROPOLITANS" word mark as to the services claimed in Class 41. In Counts 3 and 4, the Kraken seek an order directing the U.S. Patent and Trademark Office ("USPTO") to refuse SMH's pending application to register its "S Seattle" logo in Class 41. SMH has moved to dismiss Counts 3 and 4 on the ground that "there can be no cause of action for 'refusal' to register" a not-yet-registered mark. Mot., Dkt. 18, at 2. SMH is incorrect and accordingly, the Court should deny its motion.

Ninth Circuit authority is clear that 15 U.S.C. § 1119 provides a party sued for trademark infringement a cause of action to challenge registered trademarks ***and pending applications***, so long as the underlying infringement action involves a registered trademark. *See, e.g.*, *Tillamook Country Smoker, Inc. v. Tillamook Cnty. Creamery Ass'n*, 465 F.3d 1102, 1111 (9th Cir. 2006); *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014). The Ninth Circuit recently reaffirmed this principle in *BBK Tobacco & Foods LLP v. Central Coast Agriculture, Inc.*, holding that courts have jurisdiction to adjudicate challenges to a party's ***pending*** trademark applications, so long as the underlying action involves a registered trademark. --- F.4th ---, 2024 WL 1356981, at *2–3 (9th Cir. Apr. 1, 2024). These cases are dispositive of the issues raised in SMH's motion.

## II.    BACKGROUND

### A.    The Parties and the 2024 NHL Winter Classic.

The Kraken are the newest expansion franchise in the National Hockey League ("NHL"), the world's premier professional hockey league. The Kraken played their first NHL game in Seattle in 2021. Dkt. 17 at 3. The Seattle Metropolitans hockey team was Seattle's first professional hockey team and played in the Pacific Coast Hockey Association from 1915 to

RESPONSE TO PLAINTIFF AND COUNTERCLAIM
DEFENDANT'S MOTION TO DISMISS
(2:23-cv-1989-JLR) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1924. *Id*. Because the historical Metropolitans hockey team was both the first professional hockey team in Seattle and the first U.S.-based team to win the Stanley Cup championship in 1917, the Metropolitans has a place in Seattle's hockey history, despite not playing as a professional team for almost 100 years. *Id*. at 3–4.

Paul Kim, the owner of SMH, obtained trademark rights in the historical SEATTLE METROPOLITANS name and "S Seattle" logo. FAC ¶¶ 7–8. Kim has no connection to the original Metropolitans organization, and played no role in creating the historic Metropolitans' brand. Dkt. 17 at 4. After learning of the NHL's expansion into Seattle, Kim approached the new franchise about licensing the name and logo from him for a fee. *Id*. However, the franchise elected not to incorporate or adopt the historic Seattle Metropolitans color scheme or identity in developing the Kraken's unique brand identity. *Id*. Instead, the Kraken branded the team after a mythical sea monster to evoke imagery of the Northwest's nautical heritage. *Id*.

This lawsuit arises out of the 2024 NHL Winter Classic, a marquee outdoor NHL game played in Seattle on January 1, 2024. FAC ¶ 29–33; Dkt. 17 at 4–5. Because Seattle hosted the 2024 Winter Classic—which featured the Kraken as a participating team—the Kraken contacted Kim to discuss the possibility of using the Seattle Metropolitans LLC's claimed "S Seattle" trademark for certain items of apparel as part of the Winter Classic merchandising campaign. FAC ¶ 29; Dkt. 17 at 4–5. Ultimately, the Kraken and SMH did not come to an agreement for the use of the trademarks. FAC ¶ 31; Dkt. 17 at 5. Instead, the Kraken adopted a Winter Classic brand identity based on the Kraken's own primary "S" logo:

|  **Winter Classic Logo** | **Defendant's Primary Logo** |
| :---: | :---: |
|  | **(U.S. Reg. Nos. 6450361 & 6577561)** |
|  |  |

RESPONSE TO PLAINTIFF AND COUNTERCLAIM
DEFENDANT'S MOTION TO DISMISS
(2:23-cv-1989-JLR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Dkt. 17 at 5.

SMH claims that the Kraken's WC logo infringes its "S Seattle" logo. FAC ¶¶ 32–40. SMH also claims that by hanging a banner in the Climate Pledge Arena commemorating the historic Seattle Metropolitans team, the Kraken is infringing both SMH's "SEATTLE METROPOLITANS" word mark and its "S Seattle" logo. *Id*. ¶¶ 28, Causes of Action 1–2.

> B.  **SMH's Trademark Registrations and Pending Applications**

SMH has the following three federal trademark registrations that cover the "SEATTLE METROPOLITANS" word mark and its "S Seattle" logo. FAC ¶ 8.

1. **'419 Registration for "S Seattle" Logo**: SMH first obtained Registration Number 4928419 (the "'419 Registration") on March 29, 2016, for the use of the "S Seattle" logo on baseball caps and hats, beanies, pants, shirts, sleepwear, socks, sports jerseys, sweat pants, sweat shirts, and sweaters within International Class 25. *Id*.

2. **'397 Registration for "SEATTLE METROPOLITANS" Word Mark**: On December 20, 2016, SMH obtained Registration Number 5103397 (the "'397 Registration") for the use of the "SEATTLE METROPOLITANS" word mark on the same items of apparel in International Class 25 listed in the '419 Registration. *Id*.

3. **'676 Registration for "SEATTLE METROPOLITANS" Word Mark**: On March 2, 2021, SMH filed Application Serial Number 90556011 with the USPTO to register the "SEATTLE METROPOLITANS" word mark for two categories of goods. FAC ¶ 8; Dkt. 15, Counterclaims ¶ 24. The first category consists of "[f]undraising services by means of organizing, arranging and conducting fundraising events to benefit failing local small businesses, and fundraising services by means of raising funds for youth hockey programs and skating rinks" in International Class 36. FAC ¶ 8. The second category, and the category for

RESPONSE TO PLAINTIFF AND COUNTERCLAIM
DEFENDANT'S MOTION TO DISMISS
(2:23-cv-1989-JLR) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

which the Kraken seek partial cancellation, consists of: "[m]useum services, namely, display of memorabilia and artifacts pertaining to an historical Seattle professional ice hockey team, and providing a website featuring information regarding the history of this ice hockey team; conducting guided walking tours of a city and its landmarks; and organizing, arranging, and conducting of ice hockey games" in International Class 41 ("the Class 41 Services"). *Id*. The UPSTO granted SMH's application and issued registration 6777676 ("'676 Registration") on July 5, 2022. *Id*.

### C.  The '136 Application

On December 26, 2023—the day before filing this lawsuit—SMH filed Application Serial Number 98331136 (the "'136 Application"), seeking to register the "S Seattle" logo for the same Class 41 Services SMH claimed in the '676 Registration. Dkt. 15, Counterclaims ¶ 29 & Ex I. SMH submitted a specimen consisting of screenshots from its website and Facebook page to support the '136 Application. Dkt. 15, Counterclaims ¶ 29 & Ex. J. This specimen does not show the bona fide use of the "S Seattle" logo used as a mark for any of the Class 41 Services claimed. *Id*.

### D.  SMH's Lawsuit and Kraken's Counterclaims

On December 27, 2023, SMH filed its initial Complaint against the Kraken alleging the Kraken's Winter Classic branding infringed SMH's registered and common law trademarks for the "SEATTLE METROPOLITANS" word mark and "S Seattle" logo. *See generally* Compl. Dkt. 1. Most of SMH's claims are premised on the Kraken's allegedly confusing use of the Kraken's Winter Classic logo and related trade dress on merchandise and apparel. FAC ¶¶ 32–37. SMH also alleges that the Kraken improperly used SMH's "SEATTLE METROPOLITANS" word mark and "S Seattle" logo by hanging a banner in the Climate Pledge Arena that pays homage to Seattle's hockey history and commemorates the 1917 Stanley Cup victory of the historic Seattle Metropolitans hockey team. *Id. ¶* 28.

RESPONSE TO PLAINTIFF AND COUNTERCLAIM
DEFENDANT'S MOTION TO DISMISS
(2:23-cv-1989-JLR) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The Kraken filed four counterclaims seeking partial cancellation of the '676 Registration and refusal of the '136 Application. The counterclaims challenging the '676 Registration and those challenging the '136 Application are premised on the same grounds that: (a) both the "SEATTLE METROPOLITANS" word mark and "S Seattle" logo are merely descriptive of the Class 41 Services claimed; and (b) SMH did not have bona fide use of in commerce of either mark on any of the recited Class 41 Services at the time the applications were filed. Dkt. 15, Counterclaims at 41–46. SMH has now moved to dismiss Counterclaims 3 and 4, which relate only to the '136 Application.

### III.     ARGUMENT

#### A.     Legal Standard.

When subject matter jurisdiction is challenged under Rule 12(b)(1),"[t]he burden of establishing subject matter jurisdiction falls on the party asserting it." *Nw. Env't Advocs. v U.S. Dep't of Com.*, 283 F. Supp. 3d 982, 987 (W.D. Wash. 2017).[1] Here, because SMH has asserted claims for infringement of the SMH's federally registered "SEATTLE METROPOLITANS" word mark and "S Seattle" logo, Section 1119 expressly grants this Court power to "determine the right to registration[s]," including ordering their cancellations as requested by the Kraken in Counterclaims 1 and 2. 15 U.S.C. § 1119. SMH does not contest this. Section 1119's grant of authority is not limited only to registered trademarks, however. To the contrary, "[t]he plain language of § 1119 … grants a district court jurisdiction to consider challenges to the trademark

---

[1] SMH labels its motion as a motion to dismiss for failure to state a claim under Federal Rule 12(b)(6). *See* Mot. at 1. SMH recognizes, however, that the grounds it raises for dismissal have been characterized by some courts as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule 12(b)(1). *See id*. at 1 n.1. In the Ninth Circuit, whether a party may bring a claim challenging a pending trademark application is properly characterized as an issue of subject matter jurisdiction. *See, e.g.*, *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1036–37 (9th Cir. 2023); *Cent. Coast Agric. Inc.*, 2024 WL 1356981, at *3. Nonetheless, even if SMH's motion is construed as a motion to dismiss for failure to state a claim, it fails for the same reason: the Kraken may challenge SMH's pending '136 Application in federal court under section 1119.

RESPONSE TO PLAINTIFF AND COUNTERCLAIM
DEFENDANT'S MOTION TO DISMISS
(2:23-cv-1989-JLR) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*applications* of a party to the action if the action involves a registered trademark." *Cent. Coast Agric., Inc.*, 2024 WL 1356981, at *3 (emphasis added).

### B. Section 1119 Provides this Court With Jurisdiction to Adjudicate Counterclaims 3 and 4.

Section 37 of the Lanham Act provides that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, … and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119. SMH contends the Kraken may not seek refusal of the '136 Application under this section because, it claims, section 1119 only allows a party to seek cancellation of registered marks, not pending applications. *See* Mot. at 2. This is incorrect. Courts recognize that Section 1119 is "not so narrowly worded." *Cont'l Connector Corp. v. Cont'l Specialties Corp.*, 413 F. Supp. 1347, 1349 (D. Conn. 1976). "By giving a court authority to rectify the register with respect to the 'registration' of any party, the statute appears to permit rulings on marks other than the one on which a particular claim is founded." *Id*.

Indeed, the Ninth Circuit has made clear that section 1119 not only provides a cause of action to challenge a party's registered trademark, but that it also provides district courts with "jurisdiction to consider challenges to the trademark applications of a party to the action if the action involves a registered trademark." *Cent. Coast Agric., Inc.*, 2024 WL 1356981, at *3; *see also Airs Aromatics, LLC*, 744 F.3d at 599 (Section 1119's "language specifies that cancellation may only be sought *if there is already an ongoing action that involves a registered mark*.") (emphasis added). This is because the Lanham Act "refers to an application for use of trademark as a request for registration of a trademark on the principal register" and a challenge to a pending application "thus necessarily affects the applicant's right to a registration." *Cent. Coast Agric., Inc.*, 2024 WL 1356981, at *3. (internal quotation marks & citations omitted). Accordingly, the authority granted to district courts under 15 U.S.C. § 1119 to "'determine the right to registration'" and "'rectify the register'" necessarily "includes the power to decide disputes over trademark applications." *Id.* (citation omitted); *Tillamook*, 465 F.3d at 1111 ("In its

RESPONSE TO PLAINTIFF AND COUNTERCLAIM
DEFENDANT'S MOTION TO DISMISS
(2:23-cv-1989-JLR) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

counterclaim, Creamery sought an order from the district court directing the PTO (1) to cancel Smoker's ribbon-design mark already registered in 1997, and (2) to refuse registration of Smoker's word-only mark . . . . Section 37 of the Lanham Act, 15 U.S.C. § 1119, permits district courts to resolve these subsidiary registration disputes when joined with an infringement claim."). Thus, because SMH alleges the Kraken infringed its registered trademarks—specifically the '419 Registration, the '397 Registration, and the '676 Registration—this action "involves a registered trademark" and this Court has jurisdiction to adjudicate Counterclaims 3 and 4. *Cent. Coast Agric., Inc.*, 2024 WL 1356981, at *3.

It is also in the interest of judicial economy to resolve Counterclaims 3 and 4 as part of this action, as opposed to requiring the Kraken to challenge the '136 Application before the USPTO. This is because there is substantial overlap between the issues involved in Counterclaims 3 and 4 and the other issues involved in this suit. Indeed, to adjudicate Counterclaims 1 and 3, a factfinder will have to evaluate the near-identical issues of whether SMH's "SEATTLE METROPOLITANS" word mark and "S Seattle" logo are "merely descriptive," and not entitled to Registration in Class 41. *Compare* Counterclaims at 41–43 *with* Counterclaims at 44–45. Likewise, Counterclaims 2 and 4 will require a factfinder to evaluate whether SMH had bona fide use of its word mark and logo in commerce for the same list of services claimed by SMH in Class 41 at the time of filing. *Compare* Counterclaims at 42–43 *with* Counterclaims at 45–46. SMH's infringement claims, too, will require a factfinder to evaluate SMH's use of the "S Seattle" logo in commerce to determine SMH's ownership of this mark—an issue the factfinder must also decide in evaluating Counterclaim 4. *See Rearden LLC v. Rearden Com., Inc.,* 683 F.3d 1190, 1203 (9th Cir. 2012) (plaintiff must prove ownership of mark to prevail on claim for infringement and to prove ownership a party must meet threshold "use in commerce" requirement). Requiring the Kraken to litigate nearly identical issues before this Court and before the USPTO results in an undesirable duel tracking of the issues. *See Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007) ("[I]f, as here, a potential infringement claim requires the district court to resolve much or all of the registration issues, it

RESPONSE TO PLAINTIFF AND COUNTERCLAIM
DEFENDANT'S MOTION TO DISMISS
(2:23-cv-1989-JLR) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

would waste everyone's time not to settle the registration issue now, in district court.") (quotation marks & citation omitted).

None of the SMH's authorities support a conclusion to the contrary. In fact, SMH's cases even confirm that a court may exercise jurisdiction over challenge to a pending application under section 1119 "if the trademark applications share a sufficient nexus with the registered trademarks at issue in the underlying lawsuit." *D.B.C. Corp. v. Nucita Venezolana, C.A.*, 464 F. Supp. 3d 1323, 1332 (S.D. Fla. 2020) ("Analyzing section 1119, this Court . . . finds that it may exercise authority over a trademark application as long as that application is sufficiently similar (such as in sound, look, and meaning) to the registered trademark at issue in the underlying litigation.").[2]

SMH also ignores the fact that, at the time it filed its motion[3], the Ninth Circuit had twice recognized that a court may exercise jurisdiction over a counterclaim seeking refusal of a pending trademark application where the pending application relates to a claim of infringement in the underlying suit. *Massa v. Jiffy Prods. Co.*, 240 F.2d 702, 707 (9th Cir. 1957); *Tillamook*, 465 F.3d at 1111.

---

[2] SMH's other cases are equally unpersuasive. These cases are either distinguishable on their facts, or have holdings that directly contradict the Ninth Circuit's holding in *Central Coast Agriculture, Inc.*, 2024 WL 1356981, at *3. *See Farm & Trade, Inc. v. Farmtrade, LLC*, 2014 WL 1665146, at *2, 7 (E.D. Cal. Apr. 23, 2014) (distinguishable because was no registered mark involved in suit); *Empire Home Servs., LLC v. Empire Iron Works, Inc.*, 2007 WL 1218717, at *4 (E.D. Mich. Apr. 23, 2007) (same); *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1211 (M.D. Fla. 2005) (same); *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 238 (S.D.N.Y. 2000) (no jurisdiction because infringement suit was for unregistered mark); *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp. 2d 823, 831 (E.D. Va. 2001) (no jurisdiction "[b]ecause this case does not involve *any* registered marks") (emphasis added); *La Quinta Worldwide, LLC v. Q.R.T.M., S.A. de C.V.*, 2012 U.S. Dist. LEXIS 190130, at *23–*24 (D. Ariz. Mar. 29, 2012) (no longer good law after *Cent. Coast Agric., Inc.*); *Eko Brands, LLC v. Adian Rivera Maynez Enters., Inc.*, 2020 WL 503085, at *16 n.20 (W.D. Wash. Jan. 30, 2020) (same).

[3] The Ninth Circuit decided *Central Coast Agriculture, Inc.* on April 1, 2024, after SMH filed the instant motion. 2024 WL 1356981, at *1.

RESPONSE TO PLAINTIFF AND COUNTERCLAIM
DEFENDANT'S MOTION TO DISMISS
(2:23-cv-1989-JLR) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## IV. CONCLUSION

For the reasons set forth above, this Court should deny SMH's Motion.

DATED this 8th day of April, 2024.

Davis Wright Tremaine LLP
*Attorneys for Defendant and Counterclaim-Plaintiff Seattle Hockey Partners LLC*

*s/ Bonnie MacNaughton*
Bonnie MacNaughton, WSBA # 36110
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: bonniemacnaughton@dwt.com

*s/ John D. Freed*
John D. Freed, admitted *Pro Hac Vice*
50 California Street, Floor 23
San Francisco, CA 94111
Tel: (415) 276-6500
Fax: (415) 276-6599
Email: jakefreed@dwt.com

## CERTIFICATION OF WORD COUNT

I certify that this memorandum contains 2549 words, in compliance with the Local Civil Rules.

*s/ Bonnie MacNaughton*
Bonnie MacNaughton, WSBA # 36110

RESPONSE TO PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS
(2:23-cv-1989-JLR) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax