UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

SEATTLE METROPOLITANS HOCKEY LLC, a Washington limited liability company,

    Plaintiff / Counterclaim Defendant

    v.

SEATTLE HOCKEY PARTNERS LLC, a Delaware limited liability company,

    Defendant / Counterclaim Plaintiff

Civil Action No. 23-cv-1989JLR

[PROPOSED] STIPULATED PROTECTIVE ORDER

**1.** ~~UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT _____~~

~~[PLAINTIFF],~~

    ~~Plaintiff,~~

    ~~v.~~

~~[DEFENDANT],~~

    ~~Defendant.~~

~~CASE NO.~~

~~MODEL STIPULATED PROTECTIVE ORDER~~

~~1.~~ **PURPOSES AND LIMITATIONS**

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER - 1

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. ~~"2.~~ **"CONFIDENTIAL"** AND ATTORNEY'S EYES ONLY **MATERIAL**

~~"Confidential"~~CONFIDENTIAL material shall include the following documents and tangible things produced or otherwise exchanged~~: [The~~ that a disclosing party believes in good faith are not generally known to others, and which the disclosing party (i) would not normally reveal to third parties ~~must~~except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

ATTORNEY'S EYES ONLY material shall include ~~a list of specific~~ documents ~~such as "company's customer list" or "plaintiff's medical records;" do not list broad categories of documents such as "~~and tangible things that contain competitive or commercially sensitive ~~business material"].~~information (including but not limited to non-public financial records and information concerning marketing or competitive research), the disclosure of which will result in competitive or commercial harm if disclosed to persons other than those authorized to view ATTORNEY'S EYES ONLY material pursuant to this Protective Order.

~~3.~~ **3.     SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above, including both CONFIDENTIAL and ATTORNEY'S EYES ONLY designated

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 2

material), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    **4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1    4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. ConfidentialCONFIDENTIAL and ATTORNEY'S EYES ONLY material may be disclosed only to the categories of persons and under the conditions described in this agreement. ConfidentialCONFIDENTIAL and ATTORNEY'S EYES ONLY material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    4.2    Disclosure of "CONFIDENTIAL" Information or Items and ATTORNEY'S EYES ONLY Material. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidentialCONFIDENTIAL material only to:

(a)    (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 3

~~(c)~~ (c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

~~(d)~~ (d) the court, court personnel, and court reporters and their staff;

~~(e)~~ (e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any ~~confidential~~CONFIDENTIAL or ATTORNEY'S EYES ONLY material to third parties and to immediately return all originals and copies of any ~~confidential~~such material;

~~(f)~~ (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal ~~confidential~~CONFIDENTIAL material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

~~(g)~~ (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

~~Filing Confidential Material. Before filing confidential~~4.3 Disclosure of ATTORNEY'S EYES ONLY Material. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any material designated as ATTORNEY'S EYES ONLY only to the persons identified in Subparagraphs 4.2(a), (c), (d), (e) and (g). Pages of transcribed deposition testimony or exhibits to depositions that reveal ATTORNEY'S EYES ONLY material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement

~~4.3~~ 4.4 Filing CONFIDENTIAL or ATTORNEY'S EYES ONLY Material. Before filing CONFIDENTIAL or ATTORNEY'S EYES ONLY material or discussing or referencing

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 4

such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A)~~,~~) to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

~~5.~~    **5.    DESIGNATING PROTECTED MATERIAL**

~~5.1~~    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

~~5.2~~   5.2   Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, ~~second paragraph of~~ section ~~5~~6.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

~~(a)~~   (a)   Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

~~(b)~~   (b)   Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as ~~confidential.~~CONFIDENTIAL or ATTORNEY'S EYES ONLY. If a party or non-party desires to protect ~~confidential information~~CONFIDENTIAL or ATTORNEY'S EYES ONLY material at trial, the issue should be addressed during the pre-trial conference.

~~(c)~~   (c)   Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL~~."~~ or ATTORNEYS EYES ONLY. If only a portion or portions of the

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 6

information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   5.3   **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.   **6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   6.1   **Timing of Challenges**. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   6.2   **Meet and Confer**. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3   6.3   **Judicial Intervention**. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 7

made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or ATTORNEYS EYES ONLY, that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

If the Designating Party timely seeks a protective order from the court from which the subpoena or order issued, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER - 8

party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

### 10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all CONFIDENTIAL and ATTORNEY'S EYES ONLY material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain CONFIDENTIAL and ATTORNEY'S EYES ONLY material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**11.    THIRD PARTIES**

To the extent any discovery is taken of persons who are not parties to this action ("Third Parties"), and in the event that such Third Parties reasonably believe that the discovery sought involves CONFIDENTIAL and ATTORNEY'S EYES ONLY material, the Third Parties may produce and designate such material in accordance with this order, and in such case all applicable provisions of this order shall apply to the Third Party designated material to the same extent as if it had been designated and produced by a party.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____

s/David A. Lowe, WSBA No. 24453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES[PLLC]
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
T: 206.381.3303

*Attorneys for Plaintiff*

s/Jake Freed (*admitted pro hac vice*)
jakefreed@dwt.com
Bonnie E. MacNaughton, WSBA 36110
bonniemacnaughton@dwt.com
DAVIS WRIGHT TREMAINE[LLP]
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
T: 206.622.3150

*Attorneys for* ~~Plaintiff~~*Defendant*

DATED: _____

_____

~~Attorneys for Defendant~~

# **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED:_____

~~[Name of Judge]~~
~~United States District Court Judge~~

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 11

<u>Honorable James L. Robart</u>

_____
<u>Honorable James L. Robart</u>

~~MODEL STIPULATED PROTECTIVE ORDER CASE NUMBER - 1~~

[PROPOSED] STIPULATED PROTECTIVE ORDER - 1
Civil Action No. 23-cv-1989JLR

METS-6-0001 P14 SPO Redline

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ ~~[insert formal name of the case and the number and initials assigned to it by the court].~~ *Seattle Metropolitans Hockey LLC v. Seattle Hockey Partners LLC*, Case No. 23-cv-1989JLR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

~~MODEL STIPULATED PROTECTIVE ORDER CASE NUMBER~~ 2

[PROPOSED] STIPULATED PROTECTIVE ORDER - 2
Civil Action No. 23-cv-1989JLR

METS-6-0001 P14 SPO Redline

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301