Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SEATTLE METROPOLITANS HOCKEY LLC, a Washington limited liability company,<br><br>Plaintiff / Counterclaim Defendant<br><br>v.<br><br>SEATTLE HOCKEY PARTNERS LLC, a Delaware limited liability company,<br><br>Defendant / Counterclaim Plaintiff | Civil Action No. 23-cv-1989JLR<br><br>(PROPOSED) ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO FILE UNDER SEAL REPLY TO DISPOSITIVE MOTIONS AND SUPPORTING DOCUMENTS |

The Court, having considered Plaintiff's motion to seal the following documents: (1) unredacted version of Metropolitans' Reply in Support of Metropolitans Motion for Partial Summary Judgment; and (2) unredacted version of Exhibit 85 to the Second Declaration of David A Lowe, each of which contains sensitive financial information or competitive information considered confidential in this case, concludes as follows.

The Local Civil Rules provide that where a party wishes "to file a confidential document it obtained from another party in discovery," the party filing the motion to seal such documents need not satisfy the requirements of LCR 5(g)(3)(B). Rather, it is the party who designated the document confidential who must, in its response to the motion to seal, satisfy LCR 5(g)(3)(B). The Local Civil Rules provide that where a party wishes to file a confidential document of its own

(PROPOSED) ORDER GRANTING PLAINTIFF'S
MOTION TO FILE UNDER SEAL  - 1
Civil Action No. 23-cv-1989JLR

METS-6-0001 P37 PORD MOTSeal

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

production under seal, the party filing the motion to seal needs to satisfy the requirements of same local rule. LCR 5(g)(3)(B) requires:

> (B) A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>
> i. the legitimate private or public interests that warrant the relief sought;
>
> ii. the injury that will result if the relief sought is not granted; and
>
> iii. why a less restrictive alternative to the relief sought is not sufficient.

Here, both parties agree that the information to be filed under seal is confidential and deserves protection from disclosure to the public. There is a legitimate private interest in maintaining party sensitive financial information, which includes party compensation, confidential and not disclosed to the public, *inter alia* because it constitutes competitive industry trade secret information related to product development. Public disclosure of such information will result in a competitive disadvantage. The financial information sought to be filed under seal has been designated "Confidential" under the Stipulated Protective Order governing this case. (Dkt. 24) Plaintiff has minimized what is filed under seal through redaction, and there is no less restrictive alternative to prevent public disclosure. See LCR 5(g)(3)(B). Finally, Defendant has indicated that he does not oppose sealing the documents including the sensitive information.

The public disclosure of this type of highly confidential and sensitive information would result in severe and irreparable harm to the parties, and therefore the Court finds "compelling reasons" to justify keeping the requested materials under seal. Accordingly, the Court finds that Metropolitans has satisfied its burden under LCR 5(g)(3)(B), and GRANTS the motion to seal.

IT IS SO ORDERED.

DATED this 4th day of March, 2025.

_____
United States District Judge

(PROPOSED) ORDER GRANTING PLAINTIFF'S
MOTION TO FILE UNDER SEAL - 2
Civil Action No. 23-cv-1989JLR

METS-6-0001 P37 PORD MOTSeal

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301